HP-7494

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
                                     :
NORRIS J. TYRELL,                    : AFFIDAVIT IN
                                     : OPPOSITION TO
                    Petitioner,      : PETITION FOR
                                     : A WRIT OF
         -against-                   : HABEAS CORPUS
                                     :
MILLER, Superintendent,              : CV-07-3934 (NG) (MDG)
                                     :
                    Respondent.      :
                                     :
------------------------------------X


STATE OF NEW YORK)
                 ) SS:
COUNTY OF KINGS  )


     HELEN M. POLYZOS, an Assistant District Attorney in the County of Kings and an attorney admitted to practice in New York State and before this Court, deposes and states as follows:

     1.  I am an Assistant District Attorney in Kings County.  I am admitted to practice in the State of New York and before this Court.

     2.  By agreement with the Attorney General of the State of New York, the District Attorney of Kings County will represent respondent in this case.

3.    I am submitting this affidavit in opposition to the application of petitioner ("defendant") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dated August 28, 2007.

4.    The statements herein are made upon information and belief based on the records and files of the Kings County District Attorney's Office and of the Supreme Court of the State of New York, Kings County.

5.    Between 2000 and 2002, the Cypress Hill Houses, a public housing development in Brooklyn, New York, had four groups that sold narcotics from their agreed-upon respective areas within the development.  On four separate occasions, defendant, a member of a group, either sold crack cocaine, or directed others to sell crack cocaine to two different undercover police officers assigned to the development during the course of an investigation there which lasted approximately six months.  On three separate occasions, Dwayne McDonald, a juvenile, also sold either crack cocaine or heroin to two different undercover police officers.

6.    For those crimes, defendant was charged, under Kings County Indictment Number 8695/02, with Conspiracy in the First Degree (N.Y. Penal Law § 105.17), Conspiracy in the Second Degree, (N.Y. Penal Law § 105.15), four counts of Criminal Sale of a Controlled Substance in the Third

Degree (N.Y. Penal Law § 220.39[1]), and four counts of Criminal Sale of a Controlled Substance In or Near School Grounds (N.Y. Penal Law § 220.44[2]).

7. On November 21, 2003, after a jury trial in New York State Supreme Court, defendant was found guilty of Conspiracy in the Third Degree, after the jury acquitted defendant of Conspiracy in the First and Second Degrees. Defendant was also found guilty of all four counts of Criminal Sale of a Controlled Substance in the Third Degree.

Co-defendant Kelvin Santos was found guilty of Conspiracy in the Third Degree, and three counts of Criminal Sale of a Controlled Substance in the Third Degree.

Co-defendant Elbert Norris was found guilty of Conspiracy in the Third Degree, and five counts of Criminal Sale of a Controlled Substance in the Third Degree.

Co-defendant Charles Joyner was found guilty of Conspiracy in the Third Degree, the sole charge against him.

Co-defendant Justice Ennett was found guilty of Conspiracy in the Third Degree, one count of Criminal Sale of a Controlled Substance in the Third Degree, Assault in the Second Degree, and Criminal Possession of a Weapon in

the Second Degree.

All co-defendants were acquitted of Conspiracy in the First and Second Degrees as well. The convictions of codefendants Elbert Norris, Kelvin Santos, and Justice Ennett were affirmed on appeal and their applications for leave to appeal to the New York Court of Appeals were denied. People v. Norris, 8 N.Y.3d 848 (2007); People v. Santos, 9 N.Y.3d 926 (2007); People v. Ennett, 8 N.Y.3d 845 (2007). Codefendant Charles Joyner never appealed his conviction for third-degree conspiracy. No codefendant has filed a petition seeking a writ of habeas corpus in federal court.

8. On December 17, 2003, defendant, as a second felony offender, was sentenced to prison terms of five to ten years on each of the four drug sale counts to run consecutively, and three and one-half to seven years on the conspiracy count, to run concurrently with the drug sale sentences (Marrus, J., at trial and sentence).

9. By brief dated April 2005, defendant appealed his judgment of conviction to the New York State Supreme Court, Appellate Division, Second Department. Defendant raised ten claims: 1) defendant's convictions for the four drug sales were legally insufficient, and the verdict was against the weight of the evidence; 2) defendant's conviction for third-degree conspiracy was also legally insufficient and the

verdict was against the weight of the evidence; 3) defendant was prejudiced by the volume of evidence presented at trial that did not directly pertain to him; 4) The court's <u>Allen</u> charge coerced the jury into convicting defendant; 5) defendant's prosecution for conspiracy was barred by double jeopardy; 6) prosecutorial misconduct during summation deprived defendant of a fair trial; 7) defendant was denied a fair trial by references to the safety of a confidential informant, and defendant was denied his right to confront a witness against him; 8) the court's sentence improperly punished defendant for maintaining his innocence; 9) the court abused its discretion by failing to impose a sanction for a <u>Rosario</u> violation; and 10) defendant's indictment was improperly amended.

10. By brief dated August 2005, the State argued that all of defendant's claims were either unpreserved for appellate review or without merit.

11. By a decision and order dated November 8, 2006, the Appellate Division, Second Department, modified the judgment of the Supreme Court, Kings County, to the extent that it dismissed one count of Criminal Sale of a Controlled Substance in the Third Degree and vacated the sentence imposed thereon, after finding that the verdict for said drug sale was against the weight of the evidence. <u>People v.</u>

Norris, 34 A.D.3d 501 (2d Dep't 2006).   The Appellate Division unanimously affirmed the convictions in all other respects.   Id.   The Appellate Division held that defendant's claims about the legal sufficiency and weight of the evidence for the three other drug sales, being punished for maintaining his innocence, the volume of evidence introduced at trial, the prosecutor's summation, and also part of his seventh claim that he was denied his right to confront a witness against him were all unpreserved for appellate review.   Nevertheless, the Second Department still found all of defendant's unpreserved claims and all of his remaining claims regarding defendant's conspiracy conviction, double jeopardy, Rosario, Allen charge, reference to the safety of a confidential informant, and the amended indictment, without merit.

12.   By letter dated November 24, 2006, defendant applied for leave to appeal to the New York Court of Appeals. Defendant raised all of his claims previously raised in his brief.

13.   By letter dated January 10, 2007, the State opposed leave to appeal.

14.   On January 12, 2007, defendant's application for leave to appeal to the New York Court of Appeals was denied. People v. Norris, 8 N.Y.3d 848 (2007) (Graffeo, J.).

15.  By petition dated August 28, 2007, defendant seeks a federal writ of habeas corpus from this Court.  Defendant raises the same ten claims that he previously raised in his appellate brief (see Affirmation at paragraph 9, above).  All of defendant's claims should be denied.  The claims that the Appellate Division held to be unpreserved are procedurally barred from review by this Court because the state court denied them on an adequate and independent state procedural ground.  Some of defendant's claims are also outside the scope of this Court's review because they are not based upon clearly established federal law as determined by the Supreme Court of the United States.  In any event, all of defendant's claims are without merit because the state court decisions on each of the claims either were not contrary to or unreasonable applications of clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).

16.  Defendant is currently incarcerated pursuant to the judgment of conviction.

17.  In accordance with the Court's Order to Show Cause, respondent is annexing the following exhibits:

    a) minutes of the pretrial hearings (Exhibit A);

    b) the trial transcript (Exhibit B, in multiple parts);

    c) the sentencing transcript (Exhibit C);

d) defendant's main brief to the Appellate Division (Exhibit D);

e) respondent's main brief to the Appellate Division Exhibit E);

f) the Appellate Division's decision on direct appeal (Exhibit F);

g) defendant's application letters for leave to appeal to the Court of Appeals (Exhibit G);

h) the State's letter opposing leave to appeal to the Court of Appeals (Exhibit H);

i) the certificate denying leave to appeal to the Court of Appeal (Exhibit I).

WHEREFORE, and for the reasons stated in the attached Memorandum of Law, defendant's application for a writ of habeas corpus should be summarily denied.

I certify under penalty of perjury that the foregoing is true and correct.


Dated:  Brooklyn, New York
        January 16, 2008




                                Helen M. Polyzos
                                Assistant District Attorney
                                (718) 250-3129

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
NORRIS J. TYRELL,                     : <u>MEMORANDUM OF LAW</u>
                                      :
              Petitioner,             :
                                      :
        -against-                     :
                                      : CV-07-3934 (NG)(MDG)
MILLER, Superintendent                :
                                      :
              Respondent.             :
                                      :
--------------------------------------X


<u>STATEMENT OF FACTS</u>

Respondent relies upon the Statement of Facts as set forth in respondent's brief to the Appellate Division (<u>see</u> Respondent's Exhibit E at pages 4-23).

<u>ARGUMENT</u>

A.   <u>All of Defendant's Claims Are Exhausted</u>.

All ten of the claims defendant is now raising in the instant writ were previously raised in his brief to the Appellate Division and also in defendant's leave application to the New York Court of Appeals.  Therefore, all of defendant's claims are exhausted.

B.   <u>Five of Defendant's Claims Are Procedurally Barred From Federal Habeas Corpus Review</u>.

Of the ten claims defendant raised on appeal and is now also raising in the instant writ, the Appellate Division held that five of these ten claims raised were unpreserved for

appellate review (see Respondent's Exhibit F). Specifically, the following claims were found to be unpreserved for appellate review: defendant's *first* claim, that the evidence of his guilt of the four drug-sale counts was not based upon legally sufficient evidence, and also, that the verdicts were against the weight of the evidence;[1] defendant's *third* claim, that defendant was prejudiced by the volume of evidence presented at trial that was unrelated to him; defendant's *sixth* claim, that prosecutorial misconduct during the People's summation deprived defendant of a fair trial; defendant's *seventh* claim, in part, that defendant was deprived of his right to confront a witness against him at trial; and defendant's *eight* claim, that the court imposed a greater sentence than would otherwise have been imposed to punish him for maintaining his innocence. Consequently, these claims are procedurally barred from federal habeas corpus review because the state courts denied the claims on an adequate and independent state ground.

Federal habeas review of a state prisoner's claims is prohibited if a state court judgment is based on an "adequate and independent state ground." Harris v. Reed, 489 U.S. 255,

---

[1]  Because the Appellate Division dismissed one of defendant's four drug-sale convictions upon finding that the verdict was against the weight of the evidence, only three drug-sale convictions are at issue here (see Respondent's Exhibit F).

261-62 (1989); <u>Levine v. Commissioner of Correctional Services</u>, 44 F.3d 121, 126 (2d Cir. 1995).  Because of interests the states have in their procedural rules--"in channeling the resolution of claims to the most appropriate forum, in finality, and in having the opportunity to correct [their] own errors"--a state procedural default of a claim is an adequate and independent state ground that bars federal habeas review of a petitioner's defaulted claims.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 744-51 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 298-99 (1989). New York Criminal Procedure Law § 470.05(2), on which the Appellate Division relied, is an adequate and independent state procedural rule.  <u>Garcia v. Lewis</u>, 188 F.3d 71, 79 (2d Cir. 1999).

Furthermore, federal habeas review is even foreclosed when a state court has expressly relied on a state procedural default, but has also ruled in the alternative on the merits of the federal claim.  <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d Cir. 2000); <u>see also</u> <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10 (1989); <u>Fama v. Comm'r of Corr. Servs</u>., 235 F.3d 804, 810 n.4 (2d Cir. 2000) ("where a state says that a claim is 'not preserved for appellate review' and then rules 'in any event' on the merits, such a claim is not preserved").

3

Because the Appellate Division denied these claims on the state procedural ground of preservation for appellate review, and because defendant does not show cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, these claims are now procedurally barred from this Court's review. See Coleman v. Thompson, 501 U.S. 722, 729 (1991) (cause and prejudice); Teague v. Lane, 489 U.S. 288, 298-99 (1989) (cause and prejudice); McCleskey v. Zant, 499 U.S. 467, 495 (1991) (fundamental miscarriage of justice).

C.   Three of Defendant's Claims Do Not Allege a Violation of Clearly Established Federal Law.

On habeas review, a federal court is limited to deciding whether a conviction "violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991) (federal habeas relief does not lie for errors of state law); Smith v. Phillips, 455 U.S. 209, 211 (1982) (non-constitutional claims are not cognizable in federal habeas proceedings). Thus, to be entitled to habeas review, a petitioner must demonstrate that the allegedly erroneous state court rulings violated an identifiable constitutional right. See Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988).

Habeas relief may be granted to a prisoner in state custody only if the state court's adjudication on the merits of a

4

federal claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Thus, the "threshold question" is whether the rule of law that the petitioner seeks to apply was clearly established by the United States Supreme Court at the time of the state court decision. Williams v. Taylor, 529 U.S. 362, 390 (2000); Vasquez v. Strack, 228 F.3d 143, 148 (2d Cir. 2000), cert. denied, 531 U.S. 1136 (2001). The phrase "clearly established" refers to the holdings of the Supreme Court, not dicta. Carey v. Musladin, 127 S. Ct. 649, 653 (2006); Williams v. Taylor, 529 U.S. at 412. Consequently, a petitioner must "identify a clearly established Supreme Court precedent that bears on his claim." Loliscio v. Goord, 263 F.3d 178, 191 (2d Cir. 2001). If the law the petitioner seeks to apply was not "clearly established," then the adjudication of the state court rejecting the claim cannot have been contrary to or an unreasonable application of clearly established federal law. See Musladin, 127 S. Ct. at 654.

Defendant's first and second claims involve both legal sufficiency and weight of the evidence. The Supreme Court has clearly established a standard for assessing legal sufficiency

5

of evidence for convictions in state court.  See Jackson v. Virginia, 443 U.S. 309 (1979).  However, the Supreme Court has never held that a federal court can assess the weight of the evidence.  Thus, a habeas court has no power to review the weight of the evidence supporting the jury's verdict.  See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996); Young v. Abrams, 698 F.2d 131, 135 (2d Cir. 1983); Stallings v. Woods, No. 04-4714, 2006 U.S. Dist. Lexis 22434 (E.D.N.Y. March 27, 2006).

Accordingly, defendant's weight of the evidence claims pertaining to both his drug-sale convictions and also his conspiracy conviction, are not cognizable on habeas review.  In any event, the jury's verdict with respect to defendant's drug-sale and conspiracy counts were supported by the weight of the evidence (see Respondent's Exhibit E, Points I and II at 24-36, for a more detailed discussion).

Likewise, defendant's ninth claim about an alleged Rosario violation is also not based on clearly established federal law as determined by the Supreme Court.  A claim that a state prosecutor withheld material from the defense in violation of the dictates of Rosario is a claim based entirely upon state law and does not present a federal constitutional question upon which federal

habeas corpus relief can be premised.  King v. Greene, No. 03-3743, 2006 U.S. Dist. Lexis 42935 (E.D.N.Y. June 26, 2006) Green v. Artuz, 990 F.Supp. 267, 274-75 (S.D.N.Y. 1998);  Cruz v. Scully, 716 F. Supp. 766, 769 n.5 (S.D.N.Y. 1989); United States ex rel. Butler v. Schubin, 376 F. Supp. 1241, 1247 (S.D.N.Y. 1974), aff'd, 508 F.2d 837 (2d Cir. 1975).  Indeed, the Rosario rule is grounded in the State's common law, and has no federal constitutional underpinnings.  Butler v. Schubin, 376 F. Supp. at 1247.  Thus, a petitioner's Rosario claim, even if meritorious, is not a cognizable claim in a federal writ of habeas corpus.  In any event, this claim is meritless (see Respondent's Exhibit E, pages 61-66, for a more detailed discussion).

D.   The Merits.

I.   The Standard of Review.

Under AEDPA, a state prisoner is entitled to a writ of habeas corpus if the state court's adjudication of the prisoner's claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

7

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Federal law "if the State court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the State court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the result reached by the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision represents an "unreasonable application" of clearly established Federal law if, while identifying the correct governing law, the state court "unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see also Bell v. Cone, 535 U.S. 685, 699 (2002). Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411; see also Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) ("[s]ome increment beyond incorrectness is required" for a state court

decision to be an unreasonable application, though "the increment need not be great").

Here, defendant has failed to show how the Appellate Division's rulings on all of his instant claims were either contrary to, or an unreasonable application, of clearly established federal law.

II.  All of Defendant's Claims Are Without Merit.

a.  Defendant's Legal Sufficiency Claims.[2]

Defendant's first and second claims, that his convictions for his drug sales and conspiracy were legally insufficient, are without merit.

The Supreme Court has established that a habeas petitioner "bears a very heavy burden" when challenging the legal sufficiency of his state criminal conviction.  Jackson v. Virginia, 443 U.S. 309 (1979).  When assessing the legal sufficiency of a state criminal conviction, a habeas court is required to consider the trial evidence in the light most favorable to the state, upholding the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia,

---

[2]  The Appellate Division, dismissed one of defendant's four drug-sale convictions, holding that it was not supported by the weight of the evidence.  Therefore, only three drug-sale convictions are at issue here (see Respondent's Exhibit F).

443 U.S. at 319 (emphasis in original).  Under this test, a habeas court must draw all inferences and resolve all issues of credibility in favor of the prosecution.  Jackson v. Virginia, 443 U.S. at 318-319, 326;  Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994); Reddy v. Coombe, 846 F.2d 866, 899 (2d Cir. 1988).

Here, the Appellate Division's rejection of defendant's legal sufficiency claim regarding the drug sales and the conspiracy on the merits were not contrary to, or unreasonable applications of Jackson for the reasons set forth in the People's brief in the Appellate Department (see Respondent's Exhibit E, pages 24-36, for a more detailed discussion).

b.  Defendant's Claim About the Prejudicial Volume of Evidence Presented at Trial.

Defendant's third claim, that the volume of evidence presented at trial that did not directly pertain to his actions resulted in prejudice to him, is equally without merit.

With respect to the allegedly erroneous admission of evidence, the Supreme Court has established that state evidentiary rulings generally do not implicate the federal constitution unless they "so infuse the trial with unfairness as to deny due process of law." Estelle v. McGuire, 502 U.S. 62, 75 (1991) (quoting Lisenba v. California, 314 U.S. 219, 228

10

[1941]); see Ohio v. Roberts, 448 U.S. 56, 66 (1979); Mattox v. United States, 156 U.S. 237, 243-44 (1894). Thus, "[i]n order to prevail on a claim that an evidentiary error deprived [a] defendant of due process . . . he must show that the error was so pervasive as to have denied him a fundamentally fair trial." Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985); Aponte v. Scully, 740 F. Supp. 153, 158 (E.D.N.Y. 1990) (petitioner seeking habeas corpus relief based on a claim of erroneous admission of evidence "bears a heavy burden; mere evidentiary errors generally do not rise to constitutional magnitude").

Here, the large volume of evidence admitted at trial that did not directly pertain to defendant's actions was neither prejudicial to defendant nor did it deprive him of a fair trial. Sixty-two defendants were indicted in the instant case, and defendant had four co-defendants stand trial with him. Defendant was charged with conspiracy, therefore, evidence of the numerous drug sales occurring in the housing development was directly relevant to defendant's guilt of conspiracy. Moreover, the jury even acquitted defendant of first and second-degree conspiracy, thus further evincing that the jury did not hold against defendant the volume of evidence of drugs or drug sales pertaining to the other co-defendants involved in the

11

conspiracy.  Thus, the evidence of the drug sales that did not directly involve defendant did not so infuse the trial with unfairness that defendant's right to due process was violated. The Appellate Division's denial of this claim was not an unreasonable application of clearly established federal law.

> c.   Defendant's Claim About the Trial Court's Allen Charge.

Defendant's fourth claim, that the trial court gave an improper Allen charge, is meritless.  The Supreme Court has never disapproved of an Allen charge, as a matter of constitutional law, if the charge is neutral and does not attempt to coerce a particular verdict.  Early v. Packer, 537 U.S. 3 (2002). Thus, under AEDPA, a habeas court cannot issue a writ based on an Allen charge so long as it is neutral.  Id. The Supreme Court has also held that an Allen charge must be evaluated under all the facts and circumstances.  Lowenfeld v. Phelps, 484 U.S. 231 (1988).  The Supreme Court has noted that the failure of the jury to reach a verdict immediately after the instruction is evidence that the charge was not in fact coercive.  Id.

Here, the Allen charge was proper because it did not coerce the jury to reach a verdict.  Before notifying the court that it was deadlocked, the jury had already reached a verdict on the

12

four drug sale counts and not on the conspiracy count.
Following the Allen charge, the jury did not immediately render
a verdict, but requested a readback of the trial transcript.
When it did render a verdict, the jury did not convict on all
counts, but acquitted defendant on the first and second-degree
conspiracy counts, only convicting defendant of Conspiracy in
the Third Degree.   Therefore, the court's Allen charge was not
coercive (see People's Exhibit E, Point IV at 42-45, for a more
detailed discussion).   The Appellate Division's denial of
defendant's Allen charge claim was not an unreasonable
application of Early and Lowenfeld.

      d.   Defendant's Double Jeopardy Claim.

      Similarly, defendant's fifth claim regarding double jeopardy
warrants no relief on habeas review.   The Supreme Court has
clearly established that the right against double jeopardy
protects a defendant from three potential occurrences:   (1) a
second prosecution for the same offense after an acquittal; (2)
a second prosecution for the same offense after a conviction;
and (3) multiple punishments for the same offense.   North
Carolina v. Pearce, 395 U.S. 711, 717 (1969).   For the purpose
of double jeopardy, "where the same act or transaction
constitutes a violation of two distinct statutory provisions,

13

the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).

Here, defendant was not tried twice or punished twice for his prior narcotics convictions which arose from search warrants executed on his apartment on April 6, 2001 and January, 25, 2002. Those prior convictions served as overt acts in support of the conspiracy charges. Because the conspiracy charges required proof of the additional fact of the agreement, defendant's trial for the conspiracy charge did not constitute a retrial of the prior narcotics conviction and his sentence on the conspiracy conviction did not constitute a multiple punishment for the prior narcotics convictions. <u>Compare</u> N.Y. Penal Law § 105.13 <u>with</u> §§ 220.06[1], 220.16[1]. Therefore, the Appellate Division's rejection of defendant's double jeopardy claim was not an unreasonable application of clearly established federal law.

   e.   <u>Defendant's Prosecutorial Misconduct and Summation</u>
        <u>Claim</u>.

Defendant's sixth claim, that the prosecutor engaged in prosecutorial misconduct at trial by referring to certain evidence in summation, is also without merit.

The Supreme Court has clearly established that the propriety of comments made by a prosecutor at trial on summation generally does not present a federal constitutional question. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). The Supreme Court has said, "[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986). "The relevant question," the Supreme Court has held, "is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id. (quoting Donnelly, 416 U.S. at 637).

In the instant case, the comments of the prosecutor in summation were neither improper nor did they prejudice defendant. The bulk of defendant's claim of prejudice involves the prosecutor's comments pertaining to the evidence of defendant's prior drug possessions and convictions for those possessions. However, that evidence was admissible at trial as overt acts in furtherance of the conspiracy. Therefore, there was nothing improper about the prosecutor referring to that evidence during summation. Regarding the lack of fingerprint evidence, those comments made by the prosecutor were fair response to all five defense summations which questioned the

15

non-existence of fingerprint evidence.  Therefore, referring to the lack of fingerprint evidence was not improper (see Respondent's Exhibit E, Point VI at 49-53, for a more detailed discussion of the summation).  Because defendant was not prejudiced, the Appellate Division's denial of defendant's summation claim was not an unreasonable application of <u>Donnelly</u> and <u>Darden</u>.

    f.    <u>Defendant's Claim About the Reference to the Safety of a Confidential Informant</u>.

Defendant's seventh claim, that he was prejudiced by references to the safety of a confidential informant and that he was denied his right to confront the confidential informant is also unavailing.  The Supreme Court has clearly established that, under the Confrontation Clause, the prosecution cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination.  <u>Bruton v. United States</u>, 391 U.S. 123, 128 (1968).

Defendant's right to confront the confidential informant was not violated because the informant had not provided any information about defendant.  A detective in his testimony referred to the confidential informant to explain how he knew codefendant Charles Joyner.  Therefore, no prejudice to

16

defendant occurred here, since the reference to the informant had nothing to do with defendant. (See Respondent's Exhibit E, Point VII at 54-58, for a more detailed discussion).  In any event, defendant and the codefendants wanted only the name of the informant.  They did not want to elicit any testimony or evidence from the informant.  In denying the request for the name of the informant, the trial court instructed the jury that the name of the informant was irrelevant, that the testimony about the informant be stricken, and that all of the comments made by counsel also be stricken from the record.  Therefore, this instruction apprised the jury that nothing about the informant was evidence.  Therefore, the Appellate Division's rejection of defendant's confidential informant claim was not an unreasonable application of clearly established law.

g.   Defendant's Claim That He Was Punished For Maintaining His Innocence.

Defendant's eighth claim, that defendant was punished for maintaining his innocence, is unsupported by the record and is thus without merit.

The Supreme Court has clearly established that the Eighth Amendment's prohibition against cruel and unusual punishment forbids only extreme sentences which are grossly disproportionate to the crime.  Harmelin v. Michigan, 501 U.S.

17

957 (1991) (quoting <u>Solem v. Helm</u>, 463 U.S. 277, 288 [1983]); <u>see</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003) (gross disproportionality principle applies only to extraordinary case).

Under the Due Process clause, the Supreme Court has clearly established that a sentencing court cannot vindictively resentence a defendant to a higher sentence after a defendant had successfully challenged a conviction on appeal. <u>North Carolina v. Pearce</u>, 395 U.S. 711, 725 (1969). However, the Supreme Court has also clearly established that no presumption of vindictiveness applies where a defendant receives a sentence upon a conviction after trial that is higher than the sentence received upon a guilty plea that was vacated. <u>Alabama v. Smith</u>, 490 U.S. 794 (1989).

To the extent that <u>Pearce</u> and <u>Smith</u> clearly establish that vindictiveness for asserting a legal right cannot play of part of sentence, the Appellate Division's denial of defendant's vindictive sentence claim was not an unreasonable application of that law.

While this was defendant's fourth felony conviction, he was only sentenced to consecutive terms of five to ten years for each of his drug-sale convictions. Defendant could have

received up to twenty-five years consecutive on each count. Defendant's conspiracy conviction ran concurrently to his drug-sale convictions. Defendant's rejection of a plea offer carrying a twenty-year sentence prior to trial does not evince that the trial court punished defendant for exercising his right to a trial, because the court told defendant during the plea negotiations that a sentence after trial would necessarily be longer than the sentence on the plea. Therefore, the Appellate Division's denial of defendant's sentencing claim was not an unreasonable application of clearly established federal law (see Respondent's Exhibit E, Point VIII at 59-60, for a more detailed discussion).

  h. <u>The Claim About the Amended Indictment</u>.

  Finally, defendant's tenth claim, that defendant's indictment was improperly amended resulting in prejudice to him is also without merit. The Supreme Court has clearly established that Due Process has two requirements for an indictment:  (1) the indictment contain the elements of the crime and fairly inform the defendant of the charge against which he must defendant; and (2) whether the defendant is ultimately convicted or acquitted, it enables him to plead double jeopardy against future prosecutions.  <u>United States v.</u>

Resendez-Ponce, 127 S. Ct. 782, 788 (2007) (citing Hamling v. United States, 418 U.S. 87, 117 [1974]).   As amended, the indictment here met those two requirements.   The constitution does not prohibit amendment of an indictment.   Amendments are proper under federal law, even where they expand the time frame of the acts alleged, as long as the defendant has sufficient time to prepare to meet the charges.   United States v. Mulder, 273 F.3d 91 (2d Cir. 2001).   Contrary to defendant's claim, the People actually sought to reduce the time span covered in the indictment by two years, from 1998 to 2000.   Therefore, the amended indictment did not broaden the acts covered in the original indictment, as defendant erroneously alleges.   Since the earliest acts of the conspiracy were testified to at trial as having occurred in 2000, and the year 2000 was already covered in the original indictment, defendant was neither prejudiced nor denied the opportunity to present a defense resulting from the amended indictment.   Consequently, the Appellate Division's denial of defendant's claim was not an unreasonable application of clearly established law.

Because defendant has failed to establish how the state court's adjudication of all ten claims was either contrary to or an unreasonable application of clearly established federal law,

all of defendant's claims are meritless.

In sum, defendant's claims are either procedurally barred from review by this Court, present no question of federal law, or are without merit.  Therefore, defendant's petition for writ of <u>habeas</u> <u>corpus</u> based on these grounds does not warrant the requested relief.

<u>CONCLUSION</u>

<u>FOR ALL OF THE AFOREMENTIONED REASONS, DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE SUMMARILY DENIED</u>.

Dated: Brooklyn, New York
       January 16, 2008

                         Respectfully submitted,


                         CHARLES J. HYNES
                         District Attorney
                         Kings County


LEONARD JOBLOVE
THOMAS M. ROSS
HELEN M. POLYZOS
Assistant District Attorneys
        of Counsel

## Certificate of Service

I hereby certify that on January 16, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following party:

Norris J. Tyrell, Petitioner
02-R-4885
Great Meadow Correctional Facility
Box 51
Comstock, New York  12821-0051

                    Helen M. Polyzos
                    Assistant District Attorney
                    Office of the Kings County
                    District Attorney
                    350 Jay Street
                    Brooklyn, New York  11201
                    (718) 250-3129

23